UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| PLAINTIFF.     ) | CASE NO. 88-CR-20063 |
| V.             ) | HONORABLE BENARD A. FRIEDMAN |
| DANIEL RAY DAVIS,    ) | |
| DEFENDANT.     ) | |

DEFENDANTS REPLY TO UNITED STATES RESPONSE

OPPOSING THE DEFENDANTS MOTION FOR COMPASSIONATE

RELEASE PURSUANT TO 18 USC §3582(C)(1)(A)

Defendant Daniel Ray Davis, submits his Reply to the United States Opposition to his Motion for Compassionate Release, and argues as follows:

I. EXHAUSTION OF ADMINISTRATIVE PROCESS.

The United States argued that defendant didn't properly exhaust his administrative remedies because he did not include the COVID-19 pandemic claim in his request to the Warden. Davis, hereby concedes that he did not present the COVID-19 issue in his request to the Warden, and therefore withdraw the COVID-19 claim. However, Davis also contends that his non-COVID-19 related claim regarding the Fist Step Acts

changes to §841(b)(1)(A), and the claims related to his harsh sentence satisfied the exhaustion requirement.

II. DEFENDANTS NON-COVID-19 RELATED CLAIMS CONSTITUTES "EXTRAORDINARY AND COMPELLING" REASONS WARRANTING REDUCTION IN SENTENCE.

The government argued that "Davis' mandatory life sentence under 21 USC§ 841(b)(1)(A) does not present an extraordinary and compelling reason' for a sentence reduction, notwithstanding a subsequent change in the law." Govt's Res at p. 20, §D. In its response, the government relied on the Webster's definition of the terms "extraordinary" and "compelling", stating: "The defendant's reason must be 'extraordinary"- meaning exceptional or uncommon." Govt's Res. at p. 9 and 20. In regards to the term "compelling" the government states: "Compelling has also been defined as 'so great that irreparable harm or injustice would result if relief is not granted." Govt's. Res. at p. 20- 21. see also, Webster's Third International Dictionary, Unabridged (2020).

A. Excessive Sentence.

Several courts have concluded that drastic sentencing disparities created by sentencing law reforms can be an extraordinary and compelling reason supporting release. This is strongly supported by the governments acknowledgement, that expressively held "in Davis' case, while he faced a mandatory minimum sentence of life imprisonment when he was sentenced in 1990,if he were sentenced today under the First

Step Act's amendment, he would face a mandatory minimum of 25 years." Govt's. Reds. at p. 21- 22. Put differently, Davis' sentence satisfies the definition of 'extraordinary and compelling".

Davis has already served approximately 33 years of his life sentence. With good conduct credit, the time he has served would be equivalent to a 39 year sentence- even though Congress has concluded that §851 mandatory minimum life imprisonment for drug offenses is severely harsh, and no longer satisfies the objective of just punishment. In United States v. Santamaria, No. 04-cr-00199, 2021 U.S. Dist LEXIS 20746 (S.D. Iowa, Feb 1, 2021), in addressing the defendants §851 sentence pursuant to a motion for compassionate release, the court held:

Defendant's life sentence for a non-violent drug trafficking crime would be laughable if only there was not a real person on the receiving end.

Davis is also that person on the receiving end of a punitive provision that Congress deemed severely harsh. The Act's drastic changes to §841(b)(1)(A), its replacement of "prior drug felony" with "serious drug felony", and when considered with the fact that Davis' §851 predicates no longer qualifies for the life enhancement- along with §3553(a) factors, constitutes "extraordinary and compelling" reasons warranting a reduction in sentence. This Court is armed with such expansive discretionary authority that it has the power to reduce Davis' sentence to 25-years as the government acknowledged he would receive today. see Montalvo-Borreno,

2021 U.S. Dist LEXIS 26224 (E. D. Wise. Feb 11, 2021)(held, "extraordinary and compelling" reason that warrants reduced sentence); United States v. Rosso, 2021 U.S. Dist LEXIS 74288 (W. D. Ark. April 12, 2021)(life imprisonment under §851 reduced to 300 months, pursuant to §3582(C)(1)(A) as extraordinary and compelling); United States v. Canty, 2021 U.S. Dist LEXIS 74235 (M.D. Fla April 19, 2021)(same).

The government argued that Davis' claim that his mandatory minimum life sentence, in view of the First Step Act's changes warrants reduction in sentence. Govt's. Res. at p. 20 §D. However, thereafter the government argued:

"a review of the recent case law regards §403 and its amendment to §924(c) is relevant here. To be sure, some courts, including courts in this district, have found sentences can constitute an extraordinary and compelling reason for a sentence reduction- at least, when combined with other circumstances. Govt's Res. p. 22- 23.

Here the government agreed that courts in this district have found that stacking §924(c) sentences constitute extraordinary and compelling reason for a sentence reduction. The government also invited this court to apply such legal analysis relevant to §924(c) and §403 of the Act. Nevertheless, the only reason the government argued "case laws regards §403 and its amendment to §924 is relevant here, is because this Court had denied two §924(c) compassionate release motions. see United States v. Robinson, No. 99-cr-80809-D4, 2020 Wl 3603688, at *3 (E.D. Mich. July 2, 2020)(Friedman, J.), and United States v. Montgomery, No. 12-

cr-20832-01, ECF No. 116 (July 29, 2020)(Friedman J.). In these two cases, this Court denied compassionate release, rejecting the defendants (Robinson & Montgomery) arguments that the change in law constitutes extraordinary and compelling reasons, entitling them to relief.

The government first suggested recent case laws that agrees that "stacked §924(c) sentences can constitute extraordinary and compelling reasons" for sentence reduction. It urges this Court to apply such reasoning here. Then argued that Davis' circumstances are distinguishable from those of Robinson and Montgomery.

When this Court decided Robinson and Montgomery, it did not have the privilege of applying the reasoning in United States v. Owens, No. 20-2139, 2021 U.S. App. LEXIS 13656 (6th Cir. May 6, 2021). The government entirely ignores Davis' arguments that he's been incarcerated for 33 years (unlike Robinson & Montgomery); Davis' claim that his prior drug felonies are no longer qualifying predicates categorically, or under the Act's definition of "serious drug felony", claims that are distinguishable from those of Robinson and Montgomery. As a matter of fact, in saying nothing about Davis' unqualified priors, the change of definitions for "prior drug felony" to "serious drug felony", the government has waived opposition to these arguments.

Being familiar with the arguments raised by Robinson and Montgomery, this Court will be able to determine if Davis' claim and arguments are factually distinguishable from those of Robinson and Montgomery. The crucial issue is not merely whether the changes in §841(b)(1)(A) and "prior drug felony"

to "serious drug felony" were deemed retroactively applicable to inherent and unfettered discretion after it considered [all] of Davis' non-COVID-19 claims in conjunction [with] the §3553(a) factors.

The government attempts to diminish or disregard the First Step Act's broader expansion of this Courts discretionary authority. As one dissent judge held: "the very existence of 18 U.S.C.§ 3582(c)(1)(A) necessarily contemplates modifying a sentencing decision, so the fact that [defendant] was given a life sentence cannot itself mean reducing that sentence is an abuse of discretion." (Jane B. Stranch, Circuit Judge)(dissenting in U.S. v. Bass)(6th Cir. 2021).

In relying on this Courts decision in Robinson and Montgomery, the government failed to note that: 1) Robinson argued that the stacking was misapplied and requested in his §3582(c)(1)(A) motion that his §924(c) convictions be vacated; 2) When Robinson was sentenced, stacking second/subsequent §924(c) convictions was the law; 3) §3582(c)(1)(A) is a discretionary provision but Robinson argued he is entitled to a vacatur of his §924(c) convictions, and 4) Robinson raised only one claim- the First Step Act's change to §924(c stacking provision.

In Montgomery, the defendant raised the Act's changes to §924(c) stacking provision as his sole "extraordinary and compelling" reason for sentencing reduction. However, unlike Robinson who was sentenced to 25 years as for his second §924(c) conviction that was stacked with his first §924(c) conviction, a total of 384 months for both §924(c)'s, Montgomery was granted a lenient sentence at his original

sentencing hearing. He pleaded to two §924(c) and was sentenced to 60 months each to be served consecutively with each other, and with 120 months for the predicate crimes. Thus, Montgomery was sentenced to 240 months and did not suffer from the harsh 25 years stacking of second/subsequentant §924(c) convictions.

This Court also acknowledged that it had originally sentenced Montgomery below his advisory guidelines range. Lastly, both Robinson and Montgomery has served just a few years of their overall sentence. Contrary, Davis' "extraordinary and compelling" reasons are completely distinguishable from those raised by Robinson and Montgomery, and satisfies the issues this Court can deem extraordinary that warrants discretionary relief. The government cited cases that were denied compassionate release, but none of the defendants in those cases has served over three decades in prison as Davis. For instance, the government cited Ruffin, 978 F.3d at 1008, who has served only 10 years of his 25 year sentence; Kinkaid, 805 F.Appx 394, 395-96, who has served 14 years of his 470 months sentence. In Tomes, the Sixth Circuit also noted that, Tomes had only served "a few" years of his 20 year sentence, and a "reduction in sentence would not reflect the seriousness of the offense," Tomes, 990 F.3d at 505 (citing 18 U.S.C. §3582(a)(1)(4)).

It is noteworthy to reiterate that the government agreed that if Davis were sentenced today he would face a mandatory minimum of 25 years, a term he has already exceeded by an additional 8 years. In addition, Davis is the only defendant remaining in prison of all the coconspirators in the case. His

three coconspirators were sentenced to terms of 12 years, 8 years, and 33 months. Davis has served more time than all three coconspirators terms combined, albeit, the government's evidence demonstrated that Davis joined the conspiracy at a later date than when his three coconspirators started. This was also acknowledged by Senior Circuit Judge, Justice Contle, in his concurring opinion on appeal.

The Sixth Circuits decision in Tomes (as held by the panel in Owens), does not prohibits this Court from exercising its discretion to reduce Davis' life sentence after taking into account Davis' extraordinary and compelling reasons with a combination of other circumstances raised in his motion. see e.g. United States v. Mack, 2021 U.S. Dist. LEXIS 53947 (Dist of Ohio, March 23, 2021). In Mack, the court considered the decision in Tomes, and held, "[t]he Sixth Circuits ruling in Tomes did not prohibits the court from exercising its broad discretion, after consideration of the §3553(a) factors in order to grant a reduction in sentence under §3582(c)(1)(A)." Davis argues like wise that Tomes does not prohibit this Court from exercising its discretion when his claims are considered as a combination of extraordinary and compelling reasons, with the §3553(a) factors.

Since the Act has been enacted, numerous courts has granted relief for even heinous crimes including murder. Majority of these courts considered the lengthy terms defendants has already served, and whether the term served is sufficient but not greater than necessary. see e.g. United States v. Gluzmna, No. 96-cr-323, 2020 U.S. Dist. LEXIS 131749 (S.D.N.Y July 23, 2020). Gluzman was convicted for murder in

violation of 18 U.S.C. § 1952(a)(3) and 2261 after she and an accomplice killed her husband and chopped up his body in 63 pieces. Gluzman was sentenced to life imprisonment. Gluzman filed a compassionate release motion based on her health condition, length of time served (24 years) and her effort at rehabilitation. The court granted the motion and reduced her sentence to time served. The court held, "Gluzman's 24 years served in prison is sufficient to achieve the purposes outlined under 18 U.S.C.§ 3553(a)(1)-(2_, and a longer sentence would be 'greater than necessary." see also, United states v. Hunter, 2020 U.S. Dist LEXIS 176150, 2020 Wl 5748115, at *3-4 (granting compassionate release notwithstanding defendant's serious and disturbing prior criminal history including second degree murder, armed robbery, setting fire to his then girl friend's home with her and a minor child inside, and a prison disciplinary record including violent altercations with other prisoners.

    Other courts have reduced sentences of life imprisonment doled out for heinous and repeated criminal conduct, including multiple killings where extraordinary and compelling reasons have been found to justify release. see United States v. Tidwell, 2020 U.S. Dist LEXIS 139434 (E.D. Pa. August 5, 2020)(reducing life to time served after 27 years for man convicted of two counts of murder, among other conspiracy, drugs and weapons offenses); United States v. Wildcat, 2020 US Dist. LEXIS 246297 (D. Idaho. Dec. 31, 2020)(reducing thirty year sentence to time served after defendant served 262 months for two counts of second degree murder); United States v. Rodriguez, 2020 US Dist LEXIS 181004 (SDNY Sept. 30,

2020)(granted reduction from life imprisonment to 30 years for defendant who tortured and killed a government informant).

Statistics complied by the United states Sentencing Commission revealed that for the fiscal year 2019, the average national sentence imposed for murder is 255 months. see Table 15, "Sentence Imposed by Type of Crime". http://www.ussc.gov/2019-Annual-Report-and-Sourcebook. This court also acknowledged at Davis' May 29, 1991 Resentencing that "the statue is very harsh..." Sent Trans at p. 4:12-16. Life terms for drug offenses in 2013 represents "less than one-third of one percent of all drug trafficking cases that year." On;y 0.1% of all cases in which mandatory minimum penalty applied to drug trafficking cases received mandatory minimum life sentences in 2020, that amounts to 16 people out of the 16,287 total offenders. http://ida.ussc.gov/analytics/saw.dll? Dashboard (May 9, 2021).

The government argued that the need for sentence imposed to reflect the seriousness of the offense and promote respect for the law and provide just punishment also outweighs against Davis. Govt's. Res. at p. 30. Nevertheless, various courts, as presented above, found that 24- 30 years served for murder offenses were sufficient to achieve the purposes of §3553(a)(1)-(2), and a longer sentence would be greater than neccesary. Davis also contends that a longer sentence, after serving 33 years, would be greater than necessary, which is an equivalent to a 39 year sentence with good conduct credit.

III. This Court has the jurisdiction to consider defendants

motion for compassionate release, and has broad discretionary authority to reduce his sentence.

The grant of compassionate release is at the discretion of the Court, and the Courts jurisdictional authority rest on the fact that Davis has satisfied the exhaustion requirements for [all] non-COVID-19 related claims as "extraordinary and compelling" reasons for a reduction in his sentence.

For the purpose of Judicial economy, Davis will concede that he did not present the COVID-19 claim in his request to the Warden, thereby, withdrawing that claim while maintaining all non-COVID-19 grounds for compassionate release. Davis' motion was prepared during a time that COVID-19 was spreading rapidly at USP Atwater, but it was filed and responded to by the government when infection rates decrease. Nevertheless, Davis requested of this Court to accept his concession that the COVID-19 ground was never included in his administrative process, but all other non-COVID claims are intricately incorporated in his request to the Warden. As such, this Court has jurisdiction to consider Davis' Motion regarding his First Step Act provisional claims because he has fully exhausted his administrative remedies for such claims.

A. This Court has broad discretion under the First Step Act to reduce Defendant's sentence.

The government agreed that if Davis were sentenced today, he would be faced with a mandatory minimum 25 years. This statement implied that Davis' mandatory minimum life sentence

for a non-violent drug offense for which he has already served 33 years (an equivalent to a 39 year sentence) is extremely harsh. However, the government willfully disregards the harshness and injustice of the sentence and argued that 'it is worth nothing that Davis was sentenced to serve the rest of his life in prison, but seeks release at relatively, "young age of 60." Govt's. Res. at p. 28. The government further states: "his long remaining sentence thus weighs heavily against release." Id.

A critical question here would be, "what's the quantum portion of the remaining sentence?" Moreover, statistics shows that the average life span of an African American is 70 years old. Mr. Davis is 60, which demonstrated he has already lived with 33 of these years behind prison walls. It is a clear disregard to Davis' humanity to say "he seeks release at the relatively young age of 60," When there is no telling how many more years will life allot to him.

This Court was given the broader discretion by the First Step Act's amendment of the Compassionate Release provision, thus have the discretion to define "extraordinary and compelling" on it's own initiative. United States v. Elias, 984 F.3d 516, 519- 20 (6th Cir. 2021). In United States v. McGee, 992 F.3d 1035 (10th Cir. 2021), the Tenth Circuit concluded, borrowing from the Sixth Circuit decision in Tomes, that Congress subsequent decision to amend 21 USC§ 841 could not, standing alone, establish extraordinary and compelling reasons for McGee's compassionate release." McGee, 992 F.3d at 1048. At the sometime, the Tenth Circuit concluded that "a district court has the authority to consider whether the First

Step Act's §401 changes to §841 in "combination with" a defendant's unique circumstances could constitute an extraordinary and compelling reason fro compassionate release." Id. This premise was reiterated in United States v. Owens. The Owens panel held:

Although Congress chose not to afford relief to a all defendants who, prior to the First Step Act, were sentenced to mandatory life imprisonment under §841(b)(1)(A), "there is nothing in §401(c) or any other part of the FSA [that] indicates that Congress intended to prohibit district courts, on an individualized case-by case basis from granting sentencing reductions under §3582(c)(1)(A)(i) to some of those defendants." citing McGee, 992 F.3d at 1047

Regardless of the ruling in Tomes, this Court still has broad discretion given by §3582(c)(1)(A)'s amendment within the Fist Step Act. This court has the power and authority to set Davis free after being incarcerated for 33 years for a non-violent drug offense. This Court has the power and authority to reduce Davis' sentence when to do so is the fair and just thing to do. United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020)(following Brooker and holding that district courts have "full discretion... to determine whether an "extraordinary and compelling" reason justifies compassionate release").

Congress intended for §3582(c)(1)(A) to provide a "safety valve" that allows for sentencing reductions to any defendant when there is no specific statue that already affords relief but "extraordinary and compelling reason" nevertheless justify a reduction. McGee, supra at 1046 (quoting U.S.v. McCoy, 981

F.2d 271,287(4th Cir. 2020)). In Tomes and Wills, The defendants raised a single claim of the First Step Act's changes to §401. However, in Owens, the defendant presented three factors that, when considered in conjunction, warrants compassionate release.

Davis presented a claim that the First Step Act changes to §841(b)(1)(A0, its change of "prior drug felony" to "serious drug felony", today, the time he has already served, 33 years, and his post sentencing rehabilitation. When all these extraordinary claims are considered in conjunction, the §3553(a) factors weighs in favor of compassionate release.

CONCLUSION:

Defendant, Daniel Ray Davis submits that this Court has jurisdiction to consider his "extraordinary and compelling" reasons presented in this motion for Compassionate Release. This Court also has expansive discretion to reduce his sentence after considering all his non COVID-19 extraordinary and compelling reasons in conjunction with §3553(a) factors.

At the May 29, 1991 Resentencing Hearing, the Court stated:
"As I say, it was the first time I imposed life in prison, both as a state Judge and as a Federal Judge. I remember the circumstances. I Remember thinking about it." Sent. Trans. at p. 4:17- 19.

Mr.Davis' case was the first life sentence the Court imposed, yet under the First step Act's expansion of the Courts discretion, the Court can restore some fairness, and

judicial mercy by reducing Davis' severely harsh mandatory minimum life sentence to time served, plus the 14 days for quarantine.

Respectfully Submitted,

(pro-se)

By: Daniel Ray Davis

*/s/ Daniel Davis*

Reg # 11609039

Certificate of Service

I hereby certify that on 6-30-2021, I filed a true copy of Defendant's Reply to United States Response Opposing the Defendant's Motion for Compassionates Release, with the United States District Court (E.D. Mich.), and served a copy via the US Postal Service, postage prepaid, to:

US Attorney's Office

Corinne M. Lambert (special AUSA)

211 West Fort Street, Suite 2001

Detroit, Michigan 48226

*[signature]*

Daniel Ray Davis
Reg #11609-039



⇔11609-039⇔
Judge Bernard A Friedman
231 W Lafayette BLVD
5th Floor
Detroit, MI 48226
United States

RECEIVED
JUL 07 2021
BERNARD A. FRIEDMAN
U.S. DISTRICT JUDGE

RECEIVED
JUL 12 2021
CLERK'S OFFICE
U.S. DISTRICT COURT

U.S. MARSHALS

⇔11609-039⇔
Daniel R Davis
019001 United States Penitentiary
Post Office Box#019001
Atwater, CA 95301
United States

Legal Mail
6.30.2021

6-30-21



UNITED STATES PENTENTIARY, ATWATER
P.O. BOX 019000
ATWATER, CA  95301   DATE  JUN 1 0 2021

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction or complaint, if the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.